UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-9-DLB

JOE VARNEY                                                                                            PLAINTIFF


vs.                            **MEMORANDUM OPINION & ORDER**


JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                       DEFENDANT

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Joe Varney filed an application for disability insurance benefits (DIB) on February 11, 2002. His application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on October 20, 2003. On November 25, 2003, ALJ Don Paris issued a written decision, finding that Plaintiff was not under a disability. The Appeals Council denied Plaintiff's request for review by letter dated December 10, 2004. The ALJ's decision, therefore, stands as the final decision of the Commissioner on Plaintiff's claim.

Plaintiff, who was 63 years old at the time of the hearing, completed the 10th grade and later obtained his GED, and alleges an inability to work beginning on December 31,

1

1987 due to problems with his shoulders, neck, lower back, and right leg, and arthritis. At the hearing before the ALJ, Plaintiff also testified that he suffered a spine injury while in the Army; he can walk approximately 100 feet, stand for 15-20 minutes, sit for 25-30 minutes, lift 4-5 pounds, but has difficulty bending and stooping; he has stiffness in his left hand; and uses a breathing (CPAP) machine daily.

Having exhausted his administrative remedies, Plaintiff filed the instant suit on January 11, 2005. The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of

the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any relevant time.  (Tr. 15).  At Steps 2 and 3, the ALJ found that Plaintiff has the following severe impairments: chronic low back pain, neck pain, degenerative disc disease (DDD) at the L5-S1 level, mild degenerative changes of the cervical spine, left shoulder pain caused by impingement syndrome with arthritis of the left AC joint, osteoarthritis of the knees, and mild restrictive breathing pattern.  (Tr. 16).  After reviewing these impairments, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  (Tr. 16).  At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform the exertional and nonexertional requirements of light work.  (Tr. 18).  Specifically, the ALJ found that Plaintiff can occasionally lift 20 pounds, frequently lift 10 pounds; stand/walk for 6 hours; sit for 6 hours; occasionally climb, balance, stoop, crouch, kneel, and crawl; occasionally reach overhead with his left upper extremity (never exceeding the exertional level); and should avoid fumes, gases, humidity, and temperature changes.  (Tr. 18).

Based upon that finding, the ALJ concluded that Plaintiff is unable to perform his past relevant work as an auto repairman/painter. (Tr. 19). At Step 5, however, the ALJ found that Plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the regional and national economy. (Tr. 20). This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC. (Tr. 20).

**C.     Analysis**

In this appeal, Plaintiff's sole contention of error is that the ALJ failed to consider his medical records from the Veterans Administration (VA). Specifically, Plaintiff points to a "compensation and pension exam report" completed on May 15, 1997, in which the examiner opined that he has "significant joint disability" and is unable to work outside the home.[1] Although he concedes that the ALJ referred generally to his medical records from the VA in his written decision, Plaintiff claims that the ALJ erred in failing to discuss the May 15 report, in particular, in violation of 20 C.F.R. §§ 404.1527(a)(2), (b), (c). In response, the Commissioner argues that an ALJ is not required to discuss every medial opinion contained in the record or relied upon in making a disability determination. Moreover, the Commissioner argues that: 1) the ALJ did, in fact, discuss the subject report, 2) the report is not relevant, as it was rendered nearly five years after Plaintiff's last date insured,[2] and 3) substantial evidence otherwise supports the ALJ's decision. For the reasons that follow,

---

[1]The Court notes that portions of the report were cut off during copying.

[2]That date was September 30, 1992.

4

the Court finds Plaintiff's argument without merit.

First, as noted by the Commissioner, the ALJ expressly referred to Plaintiff's VA records in his written decision. At Step 2 of the sequential evaluation, the ALJ stated, "[t]he records of the Veterans Administration reveal treatment for chronic back and neck pain from May 1997 through the present." (Tr. 15). More importantly, the ALJ relied on these records, as well as the other medical evidence of record, in finding that Plaintiff's back and neck pain constituted "severe" impairments. (Tr. 16). Therefore, even if the Court concluded that the ALJ erred in failing to discuss the May 15, 1997 report, in particular, any error would be harmless, as the ALJ ultimately made findings consistent with the opinion. *See Heston v. Comm'r of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001).[3]

Contrary to Plaintiff's assertions, the ALJ did not disregard the May 15, 1997 report. Although the ALJ did not specifically discuss the contents of the report in his written decision, the decision reveals that he considered Plaintiff's VA records (of which the May 15 report was a part), in concluding that his back and neck pain constituted "severe" impairments. "An ALJ need not *discuss* every piece of evidence in the record for his decision to stand." *See Thacker v. Comm'r of Social Security*, 99 Fed.Appx. 661 (6th Cir. 2004) (unpublished decision) (emphasis added). Therefore, the Court concludes that the ALJ properly considered all the medical evidence presented in making his determination.

---

[3]The Court notes, however, that the ALJ was not required to adopt any opinion or statement that Plaintiff is disabled or unable or work, as that is an issue reserved solely to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1).

5

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #4) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #5) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 8th day of February, 2006.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-05-9-VarneyMOO.wpd